**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-03671-STV

KASANDA KANTENDE JO,

Petitioner,

v.

JUAN BALTAZAR; *et al*,

Respondents.

---

**ORDER**

---

Magistrate Judge Scott T. Varholak

This matter is before the Court on Petitioner Kasanda Katende Jo's Petition for Writ of Habeas Corpus (the "Petition") [#1]. The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [#7] In his Petition, Mr. Katende Jo seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention in Department of Homeland Security ("DHS") custody. [#1] Mr. Katende Jo seeks a writ ordering Respondents to immediately release from custody. [*Id.*] The Court has carefully reviewed the filings to date, and the applicable case law, and has determined that oral argument would not materially assist the Court in reaching a disposition. For the following reasons, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner is a 31-year old native of Congo. [#1 at ¶ 18] Petitioner entered the United States on or around January 26, 2023, and has lived in the United States since then. [*Id.* at ¶¶ 18, 22] Shortly after Petitioner entered the United States, he turned

himself into DHS custody. [*Id.* at ¶ 19] On or around January 28, 2023, the DHS released Petitioner from custody on his own recognizance. [*Id.* at ¶ 21] On June 29, 2026, Respondents re-detained Petitioner, arresting him without a warrant at a routine U.S. Immigration and Customs Enforcement ("ICE") check in. [*Id.* at ¶ 26] Petitioner was given no notice of failure to comply with his conditions for release, no pre-deprivation notice, and no opportunity to contest his re-detention. [*Id.*]

Petitioner asserts four claims for relief. First, he asserts a claim for violation of the Fourth Amendment. [#1 at ¶¶ 70-72] Second, he asserts a claim for violation of the Administrative Procedure Act ("APA"). [*Id.* at ¶¶ 73-75] Third, he asserts a claim for violation of his Fifth Amendment Substantive Due Process rights. [Id. at ¶¶ 76-78] Fourth, he asserts a claim for violation of his Fifth Amendment Procedural Due Process rights. [Id. at ¶¶ 79-81]

## II. LEGAL FRAMEWORK

Section 2241 authorizes courts to adjudicate a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-NYW, 2025 WL 3653158, at *3 (D. Colo. Dec. 17, 2025) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "The writ of habeas corpus is designed to challenge 'the fact or duration' of a person's confinement." *Ramirez v. Bondi*, No. 25-cv-1002-RMR, 2025 WL 1294919, at *3 (D. Colo. May 5, 2025) (quoting *Preiser*, 411 U.S. at 500). "[A] noncitizen may bring a habeas petition under this section if his or her

confinement violates the Fifth Amendment's guarantee of due process." *Juarez v. Choate*, No. 1:24-cv-00419-CNS, 2024 WL 1012912, at *3 (D. Colo. Mar. 8, 2024) (citing *Diaz-Ceja v. McAleenan*, No. 19-cv-00824-NYW, 2019 WL 2774211, at *3 (D. Colo. July 2, 2019)).

## III. ANALYSIS

As an initial matter, this case in part concerns whether Petitioner has been detained under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2). Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) [#1 at ¶ 54], and Respondents do not contest this fact [*see generally* #6]. In addition, the Tenth Circuit has ruled that mandatory detention pursuant to Section 1225(b)(2)(A) "is limited to [Petitioners at] the border" of the United States. *Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026). As Petitioner was arrested in the interior of the United States after having been in the United States for over a year, the Court thus finds that his detention is governed by Section 1226(a).

Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). However, there are a few exceptions to the warrant requirement outlined in the Immigration and Nationality Act ("INA"). The INA authorizes warrantless immigration arrests in narrow circumstances. Under 8 U.S.C. § 1357(a)(2), an immigration officer may arrest a noncitizen without a warrant only if the officer has "reason to believe" the person is violating the immigration laws and the person "is likely to escape before a warrant can be obtained." The statute also permits warrantless arrests in certain circumstances where an officer "has reasonable grounds to believe that the person to be arrested has committed or is

committing" a felony and "there is a likelihood of the person escaping before a warrant can be obtained for his arrest." *Id.* § 1357(a)(5). "Courts have interpreted the 'reason to believe' language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape." *Ghiyosov v. Mullin*, No. 26-cv-03412-NYW, 2026 WL 2349452, at *2 (D. Colo. Aug. 13, 2026) (citing *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216-17 (D. Colo. 2025)). "Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide 'whether the [noncitizen] will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued.'" *Id.* (quoting 8 C.F.R. § 287.3(d)).

The record demonstrates that Respondents did not comply with these requirements when arresting and detaining Petitioner. The Petition alleges that Petitioner was arrested in June 2026 without a warrant. [#1 at ¶ 26] Indeed, it does not appear that Petitioner has ever been provided a warrant, a notice of any failure to comply with his release conditions, or any opportunity to contest his detention to this day. [*See, e.g.*, *id.* at ¶ 28] Respondents do not submit a brief in opposition to this Petition [#6], so the Court has not been provided with argument or evidence indicating that Petitioner's warrantless arrest was proper under Section 1357. Additionally, Respondents "bear the burden to justify Petitioner's detention." *Ghiyosov*, 2026 WL 2349452, at *2 (quoting *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). As they have not done so here, the Court GRANTS the Petition. The Court will order Mr. Katende Jo released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a lawful predicate." *Id.* at 3 (quotation omitted); *see also Calderon Navarro v. Valdez*, No. 26-cv-

03340-NYW, 2026 WL 2321366, at *3 (D. Colo. Aug. 11, 2026) (same); *Arrioja Blanco v. Valdez*, No. 26-cv-03312-PAB, 2026 WL 2267337, at *2 (D. Colo. Aug. 6, 2026) (releasing a petitioner where respondents lacked statutory authority for a warrantless arrest).

This case presents one in a series of cases in which DHS appears to have simply ignored the law and detained an individual in violation of the law. The United States has not—and apparently cannot—defend that decision. A hearing is set for **September 10, 2026 at 9:00 a.m.** at which the Defendants shall be prepared to address their apparent repeated violation of the law.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED**:

(1) that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] is **GRANTED**;[1]

(2) Respondents shall release Petitioner for DHS custody within **48 HOURS** of the date of this Court's Order;

(3) Respondents shall file a status report within **TEN DAYS** of the date of this Court's order to certify compliance; and

(4) A hearing is set for September 10, 2026, at 9:00 a.m.

DATED: August 20, 2026

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

[1] To the extent Petitioner seeks an award of attorney's fees, he may file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.